UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY D'AQUILA, MICHAEL
O'TOOLE, MICHAEL BOURGAL, FRANK
H. FINKEL, JOSEPH A. FERRARA, SR.,
MARC HERBST, DENISE RICHARDSON,
and THOMAS CORBETT as Trustees and
fiduciaries of the Local 282 Welfare Trust
Fund, the Local 282 Pension Trust Fund, the
Local 282 Annuity Trust Fund, the Local 282
Job Training Trust Fund, and the Local 282
Vacation and Sick Leave Trust Fund,

                Plaintiffs,

       -against-

INTERSTATE FIRE PROTECTION, INC.
and INTERSTATE MECHANICAL
SERVICES, INC.,

                Defendants.
---------------------------------------------------------X

ADOPTION ORDER
15-cv-5074 (ADS) (ARL)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 30 2018 ★
LONG ISLAND OFFICE

**APPEARANCES:**

**Trivella & Forte LLP**
*Counsel for Plaintiffs*
1311 Mamaroneck Avenue, Suite 170
White Plains, New York 10605
    By: Arthur J. Muller III, Esq.
        Jonathan M. Bardavid, Esq.

**Hedinger & Lawless**
*Counsel for Interstate Mechanical Services, Inc.*
30 Wall Street, 8th Floor
New York, NY 1005
    By: David Lipari, Esq.
        Joseph Boyan, Esq.

**NO APPEARANCES:**

*Interstate Fire Protection, Inc.*

**SPATT, District Judge.**

On August 31, 2015, the Plaintiffs, the trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund, commenced this action against Interstate Mechanical Services, Inc. ("IMS") and Interstate Fire Protection, Inc. ("IFP") (together the "Defendants") to recover monetary and injunctive relief under Sections 502(a)(3) and 515 of the Employee Retirement Income Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1145..

On October 28, 2015, the Clerk of the Court issued a Certificate of Default, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

On December 7, 2017, the Plaintiff moved for a default judgment against IFP and for summary judgment against IMS.

On March 1, 2018, the Court entered an electronic order that read:

> On 12/7/2017, the Plaintiffs filed a motion 44 for summary judgment/default judgment. At this point, the court has received no additional briefing papers. At the pre-motion conference, the parties informed the Court that the Defendants' opposition and cross-motion, if any, would be filed on or before 2/9/2018; the Plaintiff's reply/opposition to the cross-motion, if any, would be filed by 3/9/2018; and the Defendants' reply, if any, would be served by 3/23/2018. Accordingly, for administrative purposes, the Clerk of the Court is respectfully directed to terminate and immediately restore the Plaintiffs' motion for summary judgment/default judgment. The Plaintiffs need not refile their motion. Furthermore, the parties have until 3/14/2018 to inform the Court by joint letter if the parties have jointly agreed to a modified briefing schedule.

The parties responded by letter on March 5, 2018, informing the Court that the parties were engaged in ongoing settlement negotiations.

On March 15, 2018, the parties submitted a status report that stated that they reached a settlement in principle related to the Plaintiff's claim against IMS. The Court issued an order agreeing to hold the summary judgment component of the Plaintiff's December 7, 2017 motion in

abeyance for 30 days so the parties could finalize the settlement. However, the Plaintiffs continued to pursue its application for a default judgment against IFP.

On March 16, 2018, the Court referred this matter to United States Magistrate Arlene R. Lindsay for a recommendation as to whether the motion for a default judgment should be granted, and if so, what relief should be awarded.

On May 7, 2018, Judge Lindsay issued a Report & Recommendation ("R&R") recommending that that the motion for default judgment be denied without prejudice to renewal after the settlement is finalized.

More than fourteen (14) days have elapsed since service of the R&R on IFP, who has failed to file an objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result.

Accordingly, the R&R is adopted in its entirety, and the Plaintiffs' motion for a default judgment is denied without prejudice to renewal.

**SO ORDERED.**

Dated: Central Islip, New York
May 30, 2018

*s/ Arthur D. Spatt*
_____
ARTHUR D. SPATT
United States District Judge

3