UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
MICHAEL O'TOOLE, MICHAEL BOURGAL,
FRANK H. FINKEL, MARC HERBST, JOSEPH
A. FERRARA, SR., DENISE RICHARDSON,
THOMAS F. CORBETT and ANTHONY D'AQUILA
as Trustees and Fiduciaries of the Local 282 Welfare
Trust Fund, the Local 282 Pension Trust Fund, the
Local 282 Annuity Trust Fund, the Local 282 Job
Training Trust Fund, and the Local 282 Vacation and
Sick Leave Trust Fund,

                                                               Plaintiffs,

                                                      -against-

INTERSTATE FIRE PROTECTION, INC. and
INTERSTATE MECHANICAL, INC.,

                                                    Defendants.
-------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
CV 15-5074 (ADS) (ARL)

**LINDSAY, Magistrate Judge:**

      Before the Court is the plaintiffs' renewed motion for a default judgment against the defendant, Interstate Fire Protection, Inc. ("IFP"). The motion was referred to the undersigned by District Judge Spatt for a report and recommendation as whether a motion for a default judgment should be granted and, if so, the appropriate damages to be awarded to the plaintiffs. The plaintiffs have submitted the declarations of Arthur J. Muller. III and Joseph Puccio, along with exhibits, in support of their motion. Despite being served with the motion, IFP has not submitted papers in opposition. Based on the evidence submitted, the undersigned respectfully recommends that a default judgment be entered ordering IFP to permit and cooperate in an audit of its books and records for the period of May 1, 2013 to date. The undersigned further recommends that the award of attorneys' fees and costs be denied, at this time, with leave to renew consistent with the guidelines set forth in this report.

## BACKGROUND

### I. Procedural Background

The plaintiffs, Thomas Gesualdi, Louis Bisignano, Michael O'Toole, Michael Bourgal, Frank H. Finkel, Marc Herbst, Joseph A. Ferrara, Sr., Denise Richardson, Thomas F. Corbett and Anthony D'Aquila, as Trustees and Fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund (collectively, the "plaintiffs") commenced this action on August 31, 2015, against the defendants, IFP and Interstate Mechanical, Inc. ("IME"), for violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132(a) and 1145 ("ERISA") and the Labor Management Relations Act of 1947, 29 U.S.C. § 185. ECF No. 1. On October 20, 2015, IME filed an answer. ECF No. 10. Although the summons and complaint were served on IFP via the Secretary of State on September 23, 2015, IFP failed to answer or move with respect to the complaint. ECF No. 8. On October 27, 2015, the plaintiffs filed a request for a certificate of default as to IFP with the Clerk of Court. ECF No. 12. The Clerk of Court issued the certificate of default the following day. ECF No. 13.

The plaintiffs and IME engaged in discovery and, on December 7, 2017, the plaintiffs moved for a default judgment against IFP and for summary judgment against IME. ECF No. 44. By Order dated March 16, 2018, Judge Spatt referred the portion of the plaintiffs' motion that sought a default judgment to the undersigned. ECF No. 53. On May 7, 2018, the undersigned recommended that the plaintiffs' motion for a default judgment against IFP be denied with leave to renew after the rights and liabilities of IME were determined by agreement or motion practice. That recommendation was adopted on May 30, 2018. ECF No. 61. The plaintiffs and IME have

since entered into a settlement agreement. Muller III Decl. ¶ 7. The Stipulation of Dismissal was so ordered on July 9, 2018. ECF No. 67. Accordingly, the plaintiffs' motion for a default judgment against IFP is now ripe for determination.

## II. Factual Background

As the undersigned indicated in the May 7, 2018 Report and Recommendation, the plaintiffs are trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund (collectively, the "Funds") within the meaning of 29 U.S.C. §1002(21)(A). Compl. ¶ 5. The Funds are "employee benefit plans" and "multi-employer plans" within the meaning of 29 U.S.C. §§ 1002(3) and (37). *Id.* ¶ 6. The Funds are maintained pursuant to the terms of an Amended and Restated Agreement and Declaration of Trust that became effective on September 24, 2012, for the purposes of collecting and receiving contributions from employers bound to collective bargaining or participation agreements with the Mechanical Trade Contractor's Association, Inc., Local 282, International Brotherhood of Teamsters (the "Union"). *Id.* ¶ 9; *see also* Puccio Decl. Ex. 1.

IFP is a domestic corporation engaged in the business of installing and servicing fire protection systems and is an employer within the meaning of 29 U.S.C. § 1002(5). Compl. ¶¶ 11-13. IFP was bound to collective bargaining agreements with Local 282, including the Mechanical Trades Agreement, for the period July 1, 2009 through June 30, 2014 ("the CBA"). *See* Puccio Decl. Ex. 2. The CBA incorporates by reference the terms of the Trust Agreement. *Id.* ¶ 5. IFP also executed a Memorandum of Agreement ("MOA") agreeing to be bound by the terms of 2009-2014 CBA. *Id.* Ex. 3. The CBA and Trust Agreement required IFP (1) to make contributions to the Funds on behalf of its workers who perform work covered by the CBA, at

3

specified rates for each hour of covered work, subject to certain limitations set forth in the CBA; (2) to submit remittance reports to the Funds; and (3) to permit the Funds to conduct audits of IFP's books and records. Compl. ¶¶ 31, 32. Moreover, pursuant to the Trust Agreement, if written notice of an intent not to sign a new CBA was not, as here, provided to the Funds, the employer remained obligated to make contributions. *See* Puccio Decl. ¶ 21.

The plaintiffs allege that IFP breached the agreements by failing to submit the documents necessary to conduct an audit. *Id.* ¶ 37. Specifically, the plaintiffs assert that by letter dated November 12, 2014, its in-house auditors demanded an audit of IFP's books and records for the period commencing May 1, 2013 and received no response. Id. ¶¶ 37, 38. The plaintiffs further assert that they sent follow-up demand letters on January 12, 2014 and February 2, 2015, and once again received no response. *See* Puccio Decl. ¶ 19.

## DISCUSSION

### I. Legal Standard Governing Default Judgments

Federal Rule of Civil Procedure 55 establishes a two-step process regarding default judgments. First, the Clerk of the Court enters the party's default. Then, as here, a motion for a default judgment is made to the district court judge. A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) ("[A]ll well-pleaded factual allegations in the plaintiff's complaint pertaining to liability are deemed true"). However, even if a plaintiff's claims are deemed admitted, a plaintiff must still demonstrate that the allegations set forth in the complaint state valid claims. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d

Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159.

## II. Liability

Accepting the allegations in the Complaint as true, the plaintiffs have asserted valid claims against IFP under ERISA. Pursuant to the agreements, IFP was required to furnish the Funds with its books, records, papers and reports to ensure compliance with the terms of the agreements and to determine the amount of fringe benefit contributions due the Funds. IFP is also obligated to permit and cooperate in the conduct of audits of its books and payroll records to ascertain that the proper contributions have been made. On several occasions, the plaintiffs sent IFP a written request to conduct an audit of its employee payroll records. As of the date the motion papers were filed, IFP has failed to permit or cooperate in the conduct of an audit and has not furnished the Funds with the required books, records, and reports to ensure compliance with the terms of the agreements and to ascertain the amount of contributions that may be due to the Funds. Accordingly, the facts support a finding that IFP violated the terms of the Agreements as well as ERISA, and the undersigned recommends that a default judgment be entered ordering that IFP to permit and cooperate in an audit of its books and records and to furnish to the Funds

books, records and reports from May 1, 2013 to date so that the plaintiffs may calculate the benefit contributions that may be owed by the defendant.[1]

The plaintiffs also seek an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §1132 (g)(2)(D). Where a party is entitled to fees, the district court calculates the "presumptively reasonable fee" by the "lodestar" method, which entails determining the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Millea v. Metro-North Railroad Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ("Both this Court and the Supreme Court have held that the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee.'") (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008) and citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 542, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010)). In *Arbor Hill*, the Second Circuit held that in calculating a "presumptively reasonable fee," courts must consider a multitude of case-specific factors in order to establish a reasonable hourly rate that a "reasonable, paying client would be willing to pay," and then multiplying that rate by the number of hours reasonably spent on the case. 522 F.3d at 184, 190-91. These factors include "complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively[,] the timing demands of the case, [and] whether an attorney might have an interest in achieving the ends of the litigation or might initiate the representation himself," *id.* at 184 – as well as the twelve factors the Fifth Circuit employed in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The

---

[1] The undersigned does not recommend that IFP be ordered to pay "the findings of the audit," at this time. The Court believes a better approach is to have the plaintiffs submit a supplemental motion should the audit reveal that unpaid contributions are, in fact, owed to the Funds.

Johnson factors include (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to properly perform the relevant services; (4) the preclusion of other employment attendant to counsel's acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) fee awards in similar cases. 488 F.2d at 717-19. The Supreme Court has repeatedly stated that "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quoting *Hensley*, 461 U.S. at 436).

Fee awards should "generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998); *see also Toussie v. County of Suffolk*, No. 01-CV-6716, 2012 U.S. Dist. LEXIS 127143, 2012 WL 3860760, at *5 (E.D.N.Y. Sept. 6, 2010) ("The party seeking attorney's fees 'bears the burden of establishing entitlement to an award,' and '[t]he applicant should exercise billing judgment' with respect to hours worked and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims") (quoting *Hensley*, 461 U.S. at 437). In addition, the reasonableness of hourly rates are guided by the market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984), and the relevant community is generally the "district in which the court sits." *Polk v. New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983).

In this case, the plaintiffs seek $4,589.75 for attorneys' fees and $624.40 in costs, and counsel has submitted an itemization of time spent and the activities performed. *See* Muller III Decl. Ex. 5. The itemization reflects that four attorneys and one paralegal worked on this case billing at rates ranging from $115 per hour for Ms. Salerno, the paralegal, to $450 per hour for Mr. Smith who has over 25 years of experience. Mr. Muller, a 2015 graduate of Pace University School of Law, has billed at a rate of $305 and $410 per hour, and Ms. Nicotera, who is a 2013 graduate, has billed at $290.00 per hour.[2] Although the Court finds the hours expended to be reasonable, Mr. Muller's rates are not consistent with the rates awarded in this District. Absent a departure from the forum rule, courts have approved the following hourly rates for attorneys practicing in the Eastern District of New York: $200 to $325 for senior associates, and $100 to $200 for junior associates. *See Castcapa Constr., LLC v. TMB Servs.*, L.L.C, No. 17-CV-1023 (NGG) (SJB), 2018 U.S. Dist. LEXIS 14833, 2018 WL 623546 (E.D.N.Y. Jan. 30, 2018) (Junior associates are "typically compensated at between $100 to $200 per hour"). However, the prevailing approach is that "'current rates, rather than historical rates, should be applied in order to compensate for the delay in payment.'" *Moore v. Diversified Collection Servs., Inc.*, No. 07-CV-397, 2013 U.S. Dist. LEXIS 56246, 2013 WL 1622949, at *3 (E.D.N.Y. Mar. 19, 2013), *report and recommendation adopted by*, 2013 WL 1622713 (E.D.N.Y. Apr. 15, 2013) (quoting *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 764 (2d Cir. 1998)). Accordingly, while the plaintiffs need not adjust the rates to account for Mr. Muller's matriculation, the undersigned finds that an appropriate rate for Mr. Muller is $300 per hour. The undersigned, therefore, recommends that the plaintiffs' request for an award of attorneys' fees be denied, at this time,

---

[2] Although the plaintiffs have included time for Mr. Trivella, the plaintiffs have not provided any information concerning his background, and therefore, can not be awarded fees for the time he expended.

8

with leave to submit directly to the undersigned a revised fee calculation consistent with the guidelines set forth in this report.

Finally, the plaintiffs also seek costs in the amount of $624.40, consisting of a court filing fees, a fee for mailing and a fee for service of process. The court finds these costs to be reasonable and recommends that the plaintiffs be awarded costs amounting $624.40 upon receipt of the revised fee application.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for Plaintiffs shall serve a copy of this Report and Recommendation on the defendant IFP upon receipt and shall file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       May 23, 2019                                   _____/s/_____
                                                      ARLENE R. LINDSAY
                                                      United States Magistrate Judge