**FILED
CLERK**

12:02 pm, Jun 11, 2019

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY D'AQUILA, MICHAEL
O'TOOLE, MICHAEL BOURGAL, FRANK
H. FINKEL, JOSEPH A. FERRARA, SR.,
MARC HERBST, DENISE RICHARDSON,
and THOMAS CORBETT as Trustees and
fiduciaries of the Local 282 Welfare Trust
Fund, the Local 282 Pension Trust Fund, the
Local 282 Annuity Trust Fund, the Local 282
Job Training Trust Fund, and the Local 282
Vacation and Sick Leave Trust Fund,

                Plaintiffs,

     -against-

INTERSTATE FIRE PROTECTION, INC.
and INTERSTATE MECHANICAL
SERVICES, INC.,

                Defendants.
--------------------------------------------------------X

**ADOPTION ORDER**
15-cv-5074 (ADS) (ARL)

**APPEARANCES:**

**Trivella & Forte LLP**
*Counsel for Plaintiffs*
1311 Mamaroneck Avenue, Suite 170
White Plains, New York 10605
    By: Arthur J. Muller III, Esq.
        Jonathan M. Bardavid, Esq.

**Hedinger & Lawless**
*Counsel for Interstate Mechanical Services, Inc.*
30 Wall Street, 8th Floor
New York, NY 1005
    By: David Lipari, Esq.
        Joseph Boyan, Esq.

**NO APPEARANCES:**

*Interstate Fire Protection, Inc.*

**SPATT, District Judge.**

On August 31, 2015, the Plaintiffs, the trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund, commenced this action against Interstate Mechanical Services, Inc. ("IMS") and Interstate Fire Protection, Inc. ("IFP") (together the "Defendants") to recover monetary and injunctive relief under Sections 502(a)(3) and 515 of the Employee Retirement Income Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1145.

On October 28, 2015, the Clerk of the Court issued a Certificate of Default, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

On December 7, 2017, the Plaintiff moved for a default judgment against IFP.

On May 7, 2018, United States Magistrate Judge Arlene R. Lindsay issued a Report & Recommendation denying the motion without prejudice to renewal after a settlement agreement was finalized. It was adopted by this Court on May 30, 2018.

On November 30, 2018, the Plaintiffs renewed their motion for default judgment against IFP.

On December 1, 2018, the Court referred this matter to United States Magistrate Arlene R. Lindsay for a recommendation as to whether the motion for a default judgment should be granted, and if so, what relief should be awarded.

On May 23, 2019, Judge Lindsay issued a Report & Recommendation ("R&R"), recommending that (1) a default judgment be entered ordering IFP to permit and cooperate in an audit of its books and records for the period of May 1, 2013 to the present date; and (2) that the

award of attorneys' fees and costs be denied at this time, with leave to renew consistent with the guidelines set forth in the R&R.

More than fourteen (14) days have elapsed since service of the R&R on IFP, who has failed to file an objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result.

Accordingly, the R&R is adopted in its entirety, and the Plaintiffs' motion for a default judgment is granted as to IFP.

**SO ORDERED.**

Dated: Central Islip, New York
June 11, 2019

        /s/ Arthur D. Spatt
        ARTHUR D. SPATT
    United States District Judge