UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
MICHAEL O'TOOLE, MICHAEL BOURGAL,
FRANK H. FINKEL, MARC HERBST, JOSEPH
A. FERRARA, SR., DENISE RICHARDSON,
THOMAS F. CORBETT and ANTHONY D'AQUILA
as Trustees and Fiduciaries of the Local 282 Welfare       REPORT AND
Trust Fund, the Local 282 Pension Trust Fund, the          RECOMMENDATION
Local 282 Annuity Trust Fund, the Local 282 Job            CV 15-5074 (ADS) (ARL)
Training Trust Fund, and the Local 282 Vacation and
Sick Leave Trust Fund,

                              Plaintiffs,

                 -against-

INTERSTATE FIRE PROTECTION, INC. and
INTERSTATE MECHANICAL SERVICES, INC.,

                             Defendants.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the Court is the plaintiff's revised fee application. For the reasons set forth below, the undersigned recommends that the application be granted, a judgment be entered ordering IFP to permit and cooperate in an audit of its books and records for the period of May 1, 2013 to date and the plaintiffs be awarded $4,251.15 in attorneys' fees and costs.

      By way of background, on December 7, 2017, the plaintiffs moved for a default judgment against the defendant Interstate Fire Protection ("IFP") and for summary judgment against the defendant Interstate Mechanical Services, Inc. ("IMS"). By Order dated March 16, 2018, Judge Spatt referred that portion of the plaintiffs' motion that sought a default judgment to the undersigned. Given this Court's preference to withhold the granting of default judgments against nonappearing parties until the rights and liabilities of the appearing defendant(s) can be determined, the undersigned recommended that the motion for a default judgment be denied with leave to renew. The undersigned's report and recommendation was adopted by Judge Spatt in its entirety on May 30, 2018.

      Shortly thereafter, the plaintiffs filed a stipulation of dismissal as against IMS, which was so ordered by the Court on July 9, 2018. Approximately five months later, the plaintiffs filed a renewed motion for a default judgment against the IFP. Once again, the motion was referred to the undersigned for a report and recommendation as whether a motion for a default judgment should be granted and, if so, the appropriate damages to be awarded to the plaintiffs. At the time, the plaintiffs had submitted the declarations of Arthur J. Muller. III and Joseph Puccio,

along with exhibits, in support of their motion.  Although the plaintiffs submissions clearly established their right to a default judgment, the undersigned recommended that the award of attorneys' fees and costs be denied because the rates for one of the attorneys assigned to the case had been inconsistent with the rates awarded in this District and no background information had been provided for a second attorney.  That recommendation was also adopted.  Accordingly, the motion for a default judgment was granted and the plaintiffs were given leave to revise their attorneys' fee calculation.

On June 25, 2019, counsel for the plaintiffs submitted a one page letter stating the

following:

> In accordance with Your Honor's Report and Recommendation, dated May 23, 2019, Plaintiffs write to submit a revised fee application in accordance therewith. The Report and Recommendation, in pertinent part, denied Plaintiffs fee application, "with leave to submit directly to the undersigned a revised fee calculation consistent with the guidelines set forth in this report [and] that the plaintiff be awarded costs amounting $624.40 upon receipt of the revised fee application". In accordance with the Report and Recommendation, fees for attorney Scott Trivella, Esq. (see fn. 2) were removed, and my rate was reduced to $300.00 per hour. Said changes result in the removal of $225.00 (.5 hours at $450 p/h) for Mr. Trivella and a reduction the amount billed for my services by $738.00 ($2,808.00 – $2,070.001).  As a result of the revision, the net amount of attorneys' fees due is $3,626.75 ($4,589.75 - $963.00). Therefore, in accordance with the above, Plaintiffs request the Court issue Judgment against Interstate Fire Protection, Inc. in the amount of $4,251.15 consisting of $3,626.75 in fees and $624.40 in costs, together with the other relief granted in the Report and Recommendation.

Based on the evidence submitted previously submitted in support of the motion, as well as the revised calculation provided by counsel, the undersigned respectfully recommends that a judgment be entered ordering IFP to permit and cooperate in an audit of its books and records for the period of May 1, 2013 to date and that the plaintiffs be awarded $4,251.15 in attorneys' fees and costs.

Counsel for Plaintiffs shall serve a copy of this Report and Recommendation on the defendant IFP upon receipt and shall file proof of service with the Court.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service.  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60

(2d Cir. 1996).

Dated:  Central Islip, New York
       January 15, 2020

                                                    _____/s/_____
                                                    ARLENE R. LINDSAY
                                                    United States Magistrate Judge